**MUSADAT Musadat, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

No. 05–4691.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2006.

Amol N. Christian, Esq., Law Office of Amol Christian, Floral Park, NY, for Petitioner.

Lee J. Karl, Assistant United States Attorney for the Western District of Pennsylvania (Mary Beth Buchanan, United States Attorney, of counsel), Pittsburgh, PA, for Respondent.

Present: ROBERT D. SACK,
RICHARD C. WESLEY, Circuit Judges,
and JED S. RAKOFF, District Judge.*

### SUMMARY ORDER

Petitioner Musadat Musadat, a citizen of Indonesia of Javanese ethnicity, petitions for review of a July 29, 2005, BIA decision affirming the decision of William F. Jankun, Immigration Judge ("IJ") dated March 30, 2004, denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Musadat Musadat*, No. A96–169–330 (B.I.A. July 29, 2005), *aff'g* No. A96–169–330 (Immig. Ct. N.Y. City Mar. 30, 2004). Musadat petitions for review only the denial of his application for withholding of removal and relief pursuant to the CAT. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Whether petitioner has presented evidence sufficient to satisfy his burden of proof is a question of law. *See Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003).

An alien qualifies for withholding of removal when he can demonstrate "that [his] life or freedom would be threatened in [the] country [of removal] on the basis of one of five statutory grounds, race, religion, nationality, membership in a particular social group, or political opinion." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 339 (2d Cir.2006) (internal quotation marks and citations omitted); *see* 8 U.S.C. § 1231(b)(3)(A). An alien is presumed eligible for withholding if she can show that she "suffered past persecution" on the basis of a ground prohibited by

section 1231(b)(3)(A). *See Ivanishvili,* 433 F.3d at 339. Alternatively, the alien may qualify for withholding by showing "that it is more likely than not that [he] would be persecuted on the basis of a statutory ground" upon removal. *Id.* at 339 (internal citations and quotation marks omitted). The alien's burden of proof under either of these approaches is to show that there is a "clear probability of persecution." *See Melgar de Torres v. Reno*, 191 F.3d 307, 311 (2d Cir.1999). Clear probability is equivalent to the "more likely than not" standard. *See id.*

■ Musadat failed to demonstrate that he suffered past persecution in Indonesia on the basis of his race. *See Ivanishvili,* 433 F.3d at 339; 8 U.S.C. § 1231(b)(3)(A). He claims to have been attacked three times over the course of sixteen years by native Indonesians who mistook him for being Chinese. Musadat's counsel conceded that these three incidents do not amount to "persecution." In the absence of any other significant evidence, these three incidents, a fortiori, fail to establish a clear probability of future persecution. We hold that the evidence presented is insufficient to satisfy Musadat's burden of proving that it is "more likely than not" that he will be subjected to "persecution" if returned to Indonesia. *See Melgar de Torres,* 191 F.3d at 311.

■ Musadat also appeals the IJ's denial of relief under the CAT. An alien seeking CAT relief must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *See Kyaw Zwar Tun v. U.S. I.N.S.,* 445 F.3d 554, 566 (2d Cir. 2006). The torture so feared must be at the hands, or with the acquiescence, of government officials. 8 C.F.R.

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

§ 208.18(a)(1) (defining torture as pain or suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity"). The IJ found that the attacks Musadat allegedly endured, in conjunction with the scant additional evidence he presented, failed to satisfy Musadat's burden of proof. We agree. Three isolated incidents of discrimination over the course of a sixteen year period do not constitute "torture," which is defined as "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 208.18(a)(2) (2002). Musadat's additional evidence (i.e., country reports and newspaper articles) at best indicates that ethnic Chinese are occasionally discriminated against by ethnic Indonesians, albeit sometimes violently.

This evidence is insufficient to prove a "clear probability" that Musadat himself will be tortured upon his return to Indonesia. Moreover, Musadat provided no evidence at all, not even testimony, that implicates the government of Indonesia in the torture that he claims he fears. We hold that the evidence presented is insufficient to prove that Musadat will more likely than not be subjected to torture if returned to Indonesia.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.